UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRI L. BERNER AND RON BERNER, h/w ) | Case Number |
| ) | |
| Plaintiff ) | CIVIL COMPLAINT |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| NATIONWIDE RECOVERY SYSTEMS ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Jerri L. Berner and Ron Berner, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1. Plaintiff, Jerri L. Berner and Ron Berner, h/w (hereinafter "Plaintiffs"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains a registered office in this District.

### III.     PARTIES

4.      Plaintiff, Jerri L. Berner, is an adult natural person residing at 1029 N. 45th, Waco, TX 76710.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Plaintiff, Ron Berner, is an adult natural person residing at 1029 N. 45th, Waco, TX 76710.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

6.      Defendant, Nationwide Recovery Systems at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Texas with a principle address located at 2304 Tarpley Road, Suite 134, Carrolltown, TX 75006 and with a registered address located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

7.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

8.      In or around January, 2010, the Plaintiffs began receiving phone calls from the Defendant regarding an alleged debt owed by the Plaintiff, Jerri.

9. The Defendant failed to identify themselves leading the Plaintiff, Ron, who answered the phone call, to believe that it was a sales call. The Plaintiff, Ron told the Defendant that he was not interested.

10. The Defendant's agents would not tell the Plaintiffs for whom the Defendant was collecting.

11. The Plaintiffs continued to receive harassing phone calls on their home phone and cell phone from the Defendant using an automated message system, multiple times a day.

12. The Defendant's agents were very rude and degrading towards the Plaintiff, Ron calling him a loser and that he was a contributor to the USA recession.

13. The Defendant's agent told the Plaintiff, Ron that the Defendant was going to put a lien on the Plaintiffs' home which the Plaintiffs do not even own a home.

14. Any time the Plaintiff, Ron inquired about information regarding the phone calls from the Defendant, the Defendant's agent would hang up on the Plaintiff.

15. The Plaintiff, Ron has consistently told the Defendant to stop calling that the alleged debt is a result of identity theft and should never have been sent to collections in the first place.

16. The Defendant ceased collection efforts until on or around, October 5, 2010, when the Plaintiff began receiving phone calls again.

17. On or around October 5, 2010, the Defendant contacted the Plaintiff for the first time and was very nasty refusing to identify themselves or give the Plaintiff, Ron any information regarding the original creditor or the alleged debt.

18     The Defendant's agent only wanted to get information from the Plaintiff, Ron and would not discuss other information including how much was allegedly owed or the possibility of a payment plan.

19.    The Plaintiff, Ron, received a second phone call on or around, October 5, 2010, by the Defendant's agent, "Karmie," who was much more professional and indentified herself and gave the Plaintiff, Ron her badge number, ID 3403.  The agent, "Karmie," also told the Plaintiff the address of the call center at which she works.  However, the Plaintiff still was not given information regarding the original creditor.

19.    The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.    At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

22.    The above paragraphs are hereby incorporated herein by reference.

23.    At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692d(6): Placed telephone calls without disclosing his/her identity

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g: Failure to send the consumer a 30-day validation notice within five days of the initial contact

§ 1692g(a)(1): Must state Amount of Debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Nationwide Recovery Systems for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date:  October 15, 2010**    BY: */s/ Brent F. Vullings*
          Brent F. Vullings, Esquire

          Warren & Vullings, LLP
          1603 Rhawn Street
          Philadelphia, PA  19111
          215-745-9800   Fax 215-745-7880
          Attorney for Plaintiff